## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

FLORIDA NATIONAL UNIVERSITY, INC.,

    Plaintiff,

v.

JOAO OSORIO,

    Defendant.

Case No:

**Injunctive Relief Requested**

## COMPLAINT

Plaintiff, Florida National University, Inc., ("FNU") sues Defendant, Joao Osorio ("Osorio), as follows:

### NATURE OF THE ACTION

1. This action is brought under the trademark laws of the United States, including the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, for trademark infringement, false advertising, false association, false designation of origin, and unfair competition. FNU also brings state law claims for misleading advertising and deceptive and unfair trade practices.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338 (civil action arising under any Act of Congress relating to trademarks). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Osorio committed acts of trademark infringement and unfair competition within this judicial district.

4. Personal jurisdiction over Osorio is vested in this Court by virtue of (a) Osorio's commission of a tortious act in Florida by committing trademark infringement through his website which is accessible in Florida and because Osorio's trademark infringement harmed FNU in Florida; (b) Osorio's general presence within Florida due to his selling goods and services within the state; and (c) Osorio's specific presence within Florida due to his selling and offering to sell within Florida the goods and services at issue in this complaint.

5. Venue is proper in this Court pursuant to 28 U.S.C. 1391 for four reasons: (1) FNU's claims arise within this District; (2) FNU resides in this District; (3) Osorio has committed tortuous acts within this District; and (4) Osorio has committed tortuous acts outside this District which impact FNU within this District.

## PARTIES

6. FNU is a Florida corporation with its principal place of business located at 4425 W. Jose Regueiro Avenue, Hialeah, FL 33012.

7. Upon information and belief, Osorio is a citizen of the State of Florida residing in Miami, Florida.

## GENERAL ALLEGATIONS

8. FNU is a proprietary higher education institution founded in 1982 and headquartered in Hialeah, Florida. It is an accredited university, offering both undergraduate and graduate programs, and maintains three campuses within Miami-Dade County. As of fall 2021, FNU had a total enrollment of over 3,500 students.

9. FNU's athletic teams, the Conquistadors, compete in 13 intercollegiate varsity sports within the National Association of Intercollegiate Athletics and the United States

Collegiate Athletic Association.

10. FNU's stated mission is to provide its student body with an education that will lead directly to gainful employment or advanced studies. For over 35 years, FNU has grown with the needs of the diverse community it serves, and has continued to expand its educational services to support a modern workforce, offering certificate-level to Master's-level programs in a wide variety of fields, including business, technology, and health sciences.

11. FNU has achieved numerous accreditations and accolades during its more than three-decade history serving the community, including the following:

(a) FNU is licensed by the Commission for Independent Education, Florida Department of Education;

(b) FNU is accredited by the Southern Association of Colleges and Schools Commission on Colleges (SACSCOC) to award diploma, certificate, associate, baccalaureate, and masters' degrees;

(c) FNU's Respiratory Therapy program (Associate of Science Degree) is accredited by the Commission on Accreditation for Respiratory Care (CoARC);

(d) FNU's Physical Therapist Assistant Program is accredited by the Commission on Accreditation in Physical Therapy Education (CAPTE);

(e) FNU's Associate of Science in Radiologic Technology and Diagnostic Medical Sonographer Technology (Medical Ultrasound) programs are Educational Programs recognized by the American Registry of Radiologic Technologists;

(f) FNU's Nursing Division has three licenses from The Florida Board of Nursing, its Associate of Science in Nursing program at the Training Center campus is accredited by the Accreditation Commission for Education in Nursing (ACEN), and the baccalaureate, master, and post-graduate degree programs are accredited by the Commission on Collegiate Nursing Education (CCNE);

(g) FNU has been approved to participate in the National Council for State Authorization Reciprocity Agreements (NC-SARA);

(h) FNU is approved for Veterans Training by the State of Florida, Department of Veterans Affairs, and as a result, is authorized to receive veterans educational benefit funds;

(i) FNU is an authorized participant of the Department of Defense Instruction (DoDI) 1322.25, Change 3 (Voluntary Education Partnership), effective July 7, 2014, and as a result, is authorized to receive military tuition assistance (TA) funds;

(j) FNU has met the standards of the National Accreditation & Equivalency Council of the Bahamas Act, and as a result its programs offered online, blended, hybrid, or ground-based to the people of the Bahamas will be recognized in the Bahamas;

(k) FNU is listed in the Classification of Colleges and Universities of the Carnegie Foundation; and

(l) FNU offers intercollegiate athletics programs as a member of the United States Collegiate Athletic Association (USCAA), the National Association of Intercollegiate Athletics (NAIA), and the NAIA's Continental Athletic Conference (CAC) and has been named a Champions of Character "Five-Star Institution" by the NAIA.

12. FNU is dedicated to community service and is a regular contributor to Camillus House (a non-profit organization that provides humanitarian services to the poor and homeless), His House Children's Home (a faith-based social services agency that provides residential care, foster and adoption services for abused, neglected and drug-exposed children of South Florida from newborn to 17 years of age, transitioning youth and their families), Becca's Closet, Sommerville Housing Community, Voices for Children Foundation, and many others.

13. FNU has used and promoted the "Florida National" brand name for over 30 years and considers the excellence that name represents to be one of its most important assets. Beginning in 1989, FNU operated as Florida National College and, in 2012, FNU changed its name to Florida National University to reflect its progression to a level III SACSCOC accreditation to offer more advanced degrees.

14. FNU has ownership rights to its name, logo, and related marks (the "FNU Marks") by virtue of its consistent and well-established promotion and prior use of the FNU Marks in commerce for decades. The FNU Marks are identifiable by the public in connection with FNU's provision of reputable higher education programs and services.

11. FNU is the sole and exclusive owner of the FNU Marks and all of the associated goodwill.

12. The FNU Marks are symbolic of the goodwill and consumer recognition built up by FNU through substantial amounts of time and effort in advertising and promotion.

13. Since the FNU Marks were first used in commerce and without interruption, FNU has expended considerable resources of both time and money to promote the FNU Marks in association with its higher education programs and services.

14. FNU is relied upon by consumers as a reputable, accredited provider of higher education programs and services in the community it has served for many years.

15. FNU maintains and operates a website advertising its educational programs and services at www.fnu.edu.

16. FNU has worked diligently to cultivate and preserve its reputation as a respected provider of higher education programs and services with an understanding that confidence in these standards under the FNU Marks is essential in continuing and promoting its services. As a result, the FNU Marks are well known and respected in the higher education community, both in Florida and across the United States.

## Osorio's Infringing Activities

17. Since at least March of 2022, Osorio has incorrectly and misleadingly advertised a "partnership" with FNU on numerous occasions in a deceptive attempt to draw on FNU's considerable goodwill and lend an air of legitimacy to his various business ventures.

18. In March of 2022, FNU learned of a letter sent by Osorio to the Consular Chief of the United States Embassy which falsely claimed an "official partnership" between

GPS Global Pilot School (a flight training school operated by Osorio) and FNU.

19. The letter, titled "Official Partnership Letter," was styled on FNU letterhead and stated: "This is an official Letter stating Florida National University has an official partnership with GPS Global Pilot School to provide flight time building hours while our students attend our full time English as a Second Language (ESL) program." A copy of the letter is attached hereto as **Exhibit A**.

20. The letter was drafted and sent by Osorio without FNU's knowledge and without any authorization or approval by FNU. Osorio was not authorized to use FNU's letterhead, which featured FNU's Marks. Nor was Osorio authorized to claim a "partnership" between his flight school and FNU.

21. As FNU made clear in its August 29, 2022 Cease and Desist letter to Osorio, there is not, nor has there ever been, any partnership between FNU and Osorio or his flight school.

22. Undaunted by FNU's demand that he cease this deceptive conduct, Osorio has continued to falsely represent non-existent "partnerships" with FNU.

23. Osorio now operates a new flight school called "International Pilot School," and has undertaken an advertising campaign, including internet marketing, which once again improperly suggests an association and/or partnership between Osorio's new flight school and FNU where no such association or partnership exists.

24. As of the date of filing, the website for Osorio's new flight school advertises an "International Pilot Course" and states that prospective international students "can apply for a student visa with our partner university FNU (Florida National University South Campus)." A recent date-stamped screenshot of the webpage is attached hereto as **Exhibit B**.

6

25. Osorio's flight school is not associated or connected with FNU, and the use of FNU's Marks by Osorio in connection with this false assertion is neither licensed, authorized, sponsored, endorsed, or approved by FNU.

26. Incredibly, Osorio has also directed FNU students to pay to Osorio's flight school fees the students owed to FNU. At no time did Osorio remit any of these funds to FNU—he simply and brazenly defrauded FNU students using the ruse of his non-existent partnership with FNU.

27. FNU did not authorize or agree to any arrangement whereby Osorio could collect fees and/or debts to FNU owed by FNU students.

28. FNU did not authorize Osorio's use of the FNU Marks to obtain funds from FNU students under false pretenses.

29. Osorio's unauthorized use of the FNU Marks is likely to cause consumer confusion or to cause mistake or to deceive the consuming public, and has actually done so with respect to at least the FNU students who paid fees to Osorio's flight school.

30. Osorio's bad faith and willful actions as described above are a deliberate attempt to compete unfairly, cause confusion in the marketplace, and improperly capitalize on the hard earned goodwill and reputation of FNU.

31. Osorio's actions are likely to affect interstate commerce by deceiving or confusing relevant consumers as to the source of Osorio's services.

32. These bad faith and willful actions suggest that there is a connection between FNU and Osorio, when no such connection exists.

## COUNT I
### Misrepresentation, False Association, False Designation of Origin, False Advertising and Unfair Competition Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)

**(Injunctive Relief and Damages)**

33. FNU incorporates the general allegations above.

34. FNU has built a substantial commercial advantage, along with substantial goodwill, through consistent use and promotion of the FNU Marks.

35. By reason of Osorio's wrongful use of the FNU Marks, and his false representations of a partnership with FNU, consumers are likely to be deceived into believing that Osorio's products, services, and business ventures are sponsored or endorsed by or otherwise associated with FNU in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Osorio's deceptive and unauthorized use of the FNU Marks, and his false representations of a partnership with FNU, will likely confuse, mislead and deceive members of the public into believing that Osorio's business ventures, including his flight schools, are affiliated with FNU.  Such actions trade unfairly upon the FNU Marks and misappropriate the reputation and goodwill that FNU has expended time, labor, and money to create.

37. Osorio's actions in adopting and using the FNU Marks to promote his own unaffiliated business ventures constitutes misappropriation of a commercial advantage that belongs to FNU. Because Osorio was at all times aware of the absence of a partnership or affiliation with FNU, his actions constitute bad faith.

38. Osorio's actions as alleged above constitute unfair competition, passing off, false association, and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39. As a proximate result of the acts of Osorio, FNU has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits.

40. FNU has no adequate remedy at law for such unfair competition, false association, false designation of origin, passing off, misleading description or misrepresentation of fact, and unfair competition. Unless Osorio is permanently enjoined, FNU will continue to suffer irreparable harm.

## COUNT II
### Misleading Advertising (§ 817.41, Florida Statutes)

41. FNU incorporates the general allegations above.

42. Through his actions described above, Osorio made or disseminated, or caused to be made or disseminated, to the general public of Florida or a portion thereof, advertising which falsely represents a partnership with FNU where none exists.

43. This conduct is likely to cause confusion, or to cause mistake, or to deceive the general public into believing that Osorio's flight schools and/or other business ventures are associated with FNU.

44. The above misrepresentations were material, as they deceived consumers about the nature and quality of Osorio's products and services, and induced consumers to patronize Osorio's business, or they are substantially likely to do so.

45. Osorio knew or should have known that his advertisements were misleading, and that the representations in the advertisements were false.

46. Osorio intended that the false representations would induce consumers to act on them.

47. By virtue of these acts by Osorio, FNU has suffered, and will continue to suffer, damages and irreparable harm unless Osorio is preliminarily and permanently enjoined by this Court from using the FNU Marks on his website and in connection with his

business ventures, or any colorable imitations thereof, or any other mark, the use of which is likely to cause confusion, or to cause mistake, or to deceive in relation to FNU.

48. For those acts committed prior to the issuance of an injunction, FNU requests disgorgement of Osorio's profits in an amount to be shown at trial.

49. FNU is further entitled to compensatory damages based on FNU's loss of profits and damage to its goodwill and business reputation that have been caused by Osorio's unfair and competitive acts.

50. FNU also demands its costs, including reasonable attorney's fees, as allowed under § 817.41(6), Florida Statutes.

## COUNT III
### Unfair and Deceptive Trade Practices
### (§ 501.201, et. seq., Florida Statutes)

51. FNU incorporates the general allegations and the allegations in Counts I and II above.

52. This claim arises under the law of the State of Florida.

53. Osorio's trademark infringement, unfair competition, false and misleading advertising, deceptive advertising, and unauthorized use the FNU name and FNU Marks constitute unfair or deceptive acts or practices in the conduct of trade or commerce.

54. Osorio has adopted and used the FNU Marks and advertised the existence of a partnership with FNU where none exists with the intent to deceive or mislead the public.

55. Through his actions, Osorio has engaged in a deceptive business act or practice in violation of the Florida Deceptive and Unfair Trade Practice Act, § 501.201, et. seq., Fla. Stat.

56.     Osorio's unlawful conduct has proximately caused FNU to suffer and will continue to suffer damage to its business, reputation, and goodwill. Therefore, FNU is entitled to damages which include, but are not limited to, the profits attributable to Osorio's infringement, which are presently indeterminate, and the reasonable attorney's fees and costs of this action.

57.     FNU has no adequate remedy at law for such deceptive trade practices. Unless Osorio is permanently enjoined, FNU will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, FNU prays for judgment against Osorio as follows:

I. That Osorio, and all persons and organizations in active concert, participation or combination with him (the "enjoined parties") be permanently enjoined as follows:

1.      The enjoined parties are prohibited from using FNU's name and Marks in a manner which is likely to cause confusion, or to cause mistake, or to deceive;

2.      The enjoined parties are prohibited from using in connection with the offering for sale or sale of any services and/or products, any false designation, description or representation stating or implying that FNU is the origin of, has authorized, or is connected with such services or goods;

3.      The enjoined parties shall take all steps necessary to remove the FNU Marks, or any other name, mark or symbol likely to cause confusion with the FNU Marks, from any advertisements, internet listings and/or advertisements, or any other materials printed or to be printed or distributed (including internet distribution); and

4.      The enjoined parties shall hold in a constructive trust all proceeds from the sale of any product or service sold in conjunction with FNU's Marks;

II. That FNU obtains the following additional relief:

    1.    An accounting and restitution of any profits Osorio has gained through the use of the FNU Marks pursuant to 15 U.S.C. § 1117.

    2.    All compensatory damages pled and proved in an amount to be determined at trial pursuant to 15 U.S.C. § 1117.

    3.    The attorneys' fees and costs that FNU has incurred in bringing this action; and

    4.    Such other and further relief as to this Court may seem just and proper.

### DEMAND FOR JURY TRIAL

FNU demands a trial by jury on all claims for relief in this Complaint on which FNU has a right to trial by jury.

Date: July 7, 2023

        /s/ David L. Luikart  
        David L. Luikart III  
        Florida Bar No. 21079  
        dave.luikart@hwhlaw.com  
        michelle.armstrong@hwhlaw.com  
        Jacob Z. Coates  
        Florida Bar No. 1011769  
        jacob.coates@hwhlaw.com  
        billie.wallis@hwhlaw.com  
        HILL, WARD & HENDERSON, P.A  
        Post Office Box 2231  
        Tampa, Florida 33601-2231  
        (813) 221-3900 (Telephone)  
        (813) 221-2900 (Facsimile)  
        Attorneys for Plaintiff